# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DOMINGUEZ, | CASE NO. 1:10-CV-01237-OWW-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| JACK SAINT CLAIR, et al., | (DOC. 13) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |
| _____/ | |

### Screening Order

## I.    Background

Plaintiff Francisco Dominguez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint in July 9, 2010.  Plaintiff filed his amended complaint on January 3, 2011.  Doc. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1  1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

8  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

9  **II.    Summary Of Amended Complaint**

10     Plaintiff is currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown,

11 California, where the events giving rise to this action occurred.  Plaintiff names as Defendants

12 Jack Saint Clair, chief medical officer of SCC, and P. Bolles, medical appeals coordinator at

13 SCC.

14     Plaintiff alleges the following. On March 15, 2010, Plaintiff overheard that SCC health

15 care services was inputting wrong information in the Medical Appeals Tracking System

16 ("MATS").  On March 18, 2010, Plaintiff requested a copy of his MATS by submitting an

17 Inmate Request for Interview, form GA-22 to Defendant Bolles.  After receiving no response,

18 Plaintiff filed a second request on April 6, 2010.

19     On April 26, 2010, Plaintiff received both GA-22's that were attached to a memorandum

20 and the requested MATS.  The MATS were censored, however.  Plaintiff then sent a third GA-22

21 form, requesting an uncensored copy of his MATS.  This GA-22 was denied.

22     On May 13, 2010, Plaintiff submitted a 602 appeal form, appealing Defendant Bolles's

23 denial of Plaintiff's request for MATS.  On May 25, 2010, Plaintiff's appeal was rejected by

24 Defendant Saint Clair, who informed Plaintiff to submit a GA-22 form instead.

25     Plaintiff's medical condition consists of severe cervical and lumbar pain, severe pain in

26 both arms and hands preventing proper use of arms and hands, severe headaches, and severe

27 anxiety. Plaintiff alleges a failure to treat his condition.  Plaintiff alleges Defendant Saint Clair

28 refused to provide a reasonable course of treatment.

1      Plaintiff requests as relief monetary damages, an injunction for proper medical treatment

2 and to prevent Defendants from retaliation against Plaintiff for filing this action, and costs of

3 suit.

4 **III.**   <u>**Analysis**</u>

5      Plaintiff appears to allege that he has a constitutional right to view his MATS uncensored.

6 Plaintiff can point to no case law in support.  Plaintiff has no liberty interest in a specific inmate

7 grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v.*

8 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

9      Plaintiff also vaguely alleges that he is being denied proper medical care.   The Eighth

10 Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate

11 comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

12 omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

13 Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

14 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

15 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

16 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

17 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

18 must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

19 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

20 an excessive risk to inmate health or safety . . . ." *Id.* at 837.

21      "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

22 this standard, the prison official must not only 'be aware of the facts from which the inference

23 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

24 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

25 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

26 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

27 1188 (9th Cir. 2002)).

28      Here, Plaintiff fails to state a claim.  Plaintiff fails to allege facts which indicate that any

1   Defendants knew of and disregarded an excessive risk to Plaintiff's health.

2       Plaintiff's allegations against Defendant Saint Clair also seem to be based on his

3   supervisory role.  The Supreme Court emphasized that the term "supervisory liability," loosely

4   and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

5   "Government officials may not be held liable for the unconstitutional conduct of their

6   subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

7   official, regardless of his or her title, is only liable for his or her own misconduct.

8       When the named defendant holds a supervisorial position, the causal link between the

9   defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

10  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

11  1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

12  some facts indicating that the defendant either: personally participated in the alleged deprivation

13  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

14  or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

15  rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

16  646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

17  1989).

18      Here, Plaintiff fails to allege any facts which indicate that Defendant Saint Clair

19  personally participated in a deprivation of constitutional rights, knew of constitutional violations

20  and failed to act to prevent them, or implemented a constitutionally deficient policy.  *Hansen*,

21  885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

22  **IV.   Conclusion And Order**

23      Plaintiff's amended complaint is dismissed for failure to state a claim against any

24  Defendants.  The Court will provide Plaintiff with an opportunity to file a second amended

25  complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d

26  1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

27  unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

28  (no "buckshot" complaints).

1    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

2   P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

3   constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

4   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

5   ." *Twombly*, 550 U.S. at 555.

6    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

7   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

8   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

9   pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

10  complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

11  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

12  114 F.3d at 1474.

13   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14   1.    The Clerk's Office shall send Plaintiff a complaint form;

15   2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an

16         amended complaint within **thirty (30) days** from the date of service of this order;

17         and

18   3.    If Plaintiff fails to comply with this order, the Court will recommend dismissal of

19         this action for failure to obey a court order and failure to state a claim.

20  IT IS SO ORDERED.

21   Dated:   **May 6, 2011**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28