# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DOMINGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>JACK SAINT CLAIR, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. 1:10-CV-01237-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TO DISPENSE WITH SECURITY REQUIREMENT BE DENIED<br><br>(DOCS. 19, 20)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Francisco Dominguez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for preliminary injunctive relief, filed July 18, 2011. Doc. 19. Plaintiff also filed a motion to dispense of the requirement for security to be posted pursuant to Federal Rule of Civil Procedure 65(c). Doc. 20.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d

1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff's motion seeks to enjoin Defendant St. Clair from harassing and retaliating against Plaintiff by depriving him of his property and preventing him from litigating this action. However, there is no operative pleading in this action. Plaintiff's amended complaint, filed on January 3, 2011, was dismissed for failure to state a claim. May 9, 2011 Order, Doc. 15. Plaintiff has failed to demonstrate the likelihood of success on the merits. Accordingly, Plaintiff's motion for preliminary injunction should be denied. Because Plaintiff's motion for preliminary injunction should be denied, Plaintiff's motion to dispense with a security pursuant to Federal Rule of Civil Procedure 65 should also be denied as moot.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction, filed July 18, 2011, should be denied; and

2. Plaintiff's motion to dispense with the security requirement, filed July 18, 2011, should be denied as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate

1 Judge's Findings and Recommendations." The Plaintiff is advised that failure to file objections
2 within the specified time may waive the right to appeal the District Court's order. *Martinez v.*
3 *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

    **Dated:**   **August 4, 2011**               **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE