1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8  FRANCISCO DOMINGUEZ,                   CASE NO. 1:10-CV-01237-AWI-DLB PC

9                      Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DISMISSAL OF
10      v.                                 PLAINTIFF'S ACTION FOR FAILURE TO
                                          STATE A CLAIM (DOC. 27)
11  JACK SAINT CLAIR, et al.,

12                      Defendants.        OBJECTIONS, IF ANY, DUE WITHIN
                                          TWENTY-ONE DAYS
13  _____/   (DOC. 27)

14

15

16                           **Screening Order**

17  **I.      Background**

18          Plaintiff Francisco Dominguez ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this

20  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his

21  complaint in July 9, 2010.  He filed an amended complaint on January 3, 2011.  Doc. 13.  On

22  May 9, 2011, the Court dismissed the amended complaint with leave to amend.  Doc. 15.

23  Plaintiff filed his second amended complaint on October 13, 2011.  Doc. 27.

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

28  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

                                          1

1 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

2 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

3 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

4 1915(e)(2)(B)(ii).

5       A complaint must contain "a short and plain statement of the claim showing that the

6 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

7 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

9 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

10 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

11 *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

12 not. *Id.*

13 **II.   Summary Of Second Amended Complaint**

14       Plaintiff is currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown,

15 California, where the events giving rise to this action occurred. Plaintiff names as Defendants

16 Jack Saint Clair, chief medical officer of SCC, and Mary Pixle Bolles, health care appeals

17 coordinator at SCC.

18       Plaintiff alleges the following: On March 15, 2010, Plaintiff overheard that SCC health

19 care services was inputting inaccurate information in the Medical Appeals Tracking System

20 ("MATS"). On March 18, 2010, Plaintiff requested a copy of his MATS by submitting an

21 Inmate Request for Interview, form GA-22 to Defendant Bolles. After receiving no response,

22 Plaintiff filed a second request on April 6, 2010.

23       On April 26, 2010, Plaintiff received both GA-22s that were attached to a memorandum

24 and the requested MATS. The MATS were censored, however. Plaintiff then sent a third GA-22

25 form, requesting an uncensored copy of his MATS. This GA-22 was denied.

26       On May 13, 2010, Plaintiff submitted a 602 appeal form, appealing Defendant Bolles'

27 denial of Plaintiff's request for MATS. On May 25, 2010, Plaintiff's appeal was rejected by

28 Defendant Saint Clair, who informed Plaintiff to submit a GA-22 form instead.

1    Plaintiff contends that his mental and physical health condition is deteriorating because of

2    the refusal to disclose the MATS information.  Plaintiff asserts that after he filed a grievance

3    against Defendants Saint Clair and Bolles, Defendant Saint Clair ordered staff to retaliate against

4    him.

5    On May 20, 2010, Plaintiff filed a 602 appeal form to examine a file.  An unidentified

6    correctional officer brought his C-File, allowed other custody staff to examine the file and

7    threatened Plaintiff to withdraw his 602 or all information in the C-File would be distributed

8    throughout the Tuolumne Facility.

9    On May 27, 2010, Plaintiff filed another 602 based on correctional officer confiscating all

10    of his electrical appliances.

11    On June 10, 2010, Plaintiff filed a 602 because circulating air in his assigned housing

12    area had been cut off.

13    On June 23 and July 6, 2010, Plaintiff filed two GA-22s complaining that licensed

14    vocation nurse Singh refused to provide him with morning medication.

15    On July 27, 2010, correctional officer Mix confiscated over one-hundred dollars of items

16    bought through CDCR approved vendors.  Officer Mix refused to provide a property receipt after

17    threatening Plaintiff with physical harm if he complained.

18    On August 3 and 4, 2010, Plaintiff was denied his morning medication because health

19    cares services had run out of his prescription.

20    On August 9, 2010, Plaintiff filed a 602 appeal form because "he was coerced with

21    threats" if he did not accept his hardcover books ordered from a CDCR approved vendor.

22    On August 23, 2010, Plaintiff filed a CDC 7362 health care services request form asking

23    to be taken off of his psychiatric medication since mental health services had no way of ensuring

24    it would be dispensed on a daily basis.

25    On September 2, 2010, Plaintiff filed a CDC 7362 form requesting his morning

26    medication after the licensed vocation nurse refused to issue it.  On September 3, 2010, Plaintiff

27    filed another CDC 7362 and made the same complaint.

28    On October 16, 2010, Plaintiff's lumbar spinal cord became aggravated.  Plaintiff

3

1  requested a temporary transfer to the SCC Outpatient Housing Unit ("OHU").  During his stay in

2  OHU, Plaintiff was deprived of proper medical treatment.

3         On October 21, 2010, Plaintiff requested his return to the Tuolumne Facility.  Upon his

4  return, he was transferred to a new housing unit.  After transfer, he requested his property and

5  discovered that some of it was missing.  When he complained that other inmates had some of his

6  property, he was threatened to stop complaining.

7         On May 4, 2011, Plaintiff filed a 602 appeal form complaining that the SCC pharmacy

8  denied him proper health care.

9         On July 6, 2011, Plaintiff filed a CDC 7362 requesting treatment by a physician other

10  than Dr. John Krpan.

11         On July 13, 2011, Plaintiff filed a CDC 7362 requesting urgent care for an infected oral

12  or maxillo facial condition.  The request was ignored.  On July 15, 2011, Plaintiff filed a second

13  CDC 7362 requesting urgent care for his infected oral or maxillo facial condition.  This request

14  was ignored.  On July 19, 2011, Plaintiff filed a third CDC 7362 requesting urgent care for his

15  infected oral or maxillo facial condition.  His request was ignored and he lost a molar.

16         On August 12, 2011, Plaintiff filed a CDC 1824 reasonable modification or

17  accommodation request form for repair of prescription eye glasses.  Defendant Saint Clair

18  refused the form and instructed Plaintiff to submit a CDC 7362 form.

19         Plaintiff requests as relief monetary and punitive damages and injunctive relief for

20  defendants deliberate indifference to his "due process of law."

21  **III.**   **Analysis**

22         As with his original complaint, Plaintiff appears to allege that he has a constitutional right

23  to view his MATS uncensored.  Plaintiff can point to no case law in support. Plaintiff has no

24  liberty interest in a specific inmate grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850,

25  860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).  To the extent he

26  is complaining about Defendant Saint Clair's rejection of his 602 appeal, actions in reviewing a

27  prisoner's administrative appeal also cannot serve as the basis for liability in a section 1983

28  action.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

1    Plaintiff's allegations against Defendant Saint Clair again seem to be based on his

2    supervisory role.  The Supreme Court emphasized that the term "supervisory liability," loosely

3    and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

4    "Government officials may not be held liable for the unconstitutional conduct of their

5    subordinates under a theory of respondeat superior." *Id*. at 1948.  Rather, each government

6    official, regardless of his or her title, is only liable for his or her own misconduct.

7    When the named defendant holds a supervisorial position, the causal link between the

8    defendant and the claimed constitutional violation must be specifically alleged.  See *Fayle v.*

9    *Stapley,* 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

10   1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

11   some facts indicating that the defendant either: personally participated in the alleged deprivation

12   of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

13   or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional

14   rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

15   646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

16   1989).

17   Plaintiff fails to allege any facts which indicate that Defendant Saint Clair personally

18   participated in a deprivation of constitutional rights, knew of constitutional violations and failed

19   to act to prevent them, or implemented a constitutionally deficient policy.  *Hansen*, 885 F.2d at

20   646; *Taylor*, 880 F.2d at 1045.

21   Unlike his original complaint, Plaintiff also attempts to forward a new cause of action

22   against Defendant Saint Clair based on retaliation against Plaintiff for filing inmate appeals.

23   Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the

24   government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985);

25   *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d

26   802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

27   retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse

28   action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

(4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff does not allege that Defendant Saint Clair himself took any action against Plaintiff. Rather, Plaintiff alleges that Defendant Saint Clair ordered unidentified staff to "conduct themselves with malice" in responding to Plaintiff's requests and he lists multiple encounters with various staff members, including correctional officers and medical staff. Plaintiff's allegations regarding Defendant Saint Clair's orders are conclusory, based on mere conjecture, and insufficient to support a claim of retaliation.

Insofar as Plaintiff is attempting to allege multiple claims in the second amended complaint that are largely unrelated to the named Defendants, he may not do so. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. As one court explained:

> The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In this instance, Plaintiff 's complaint recites various encounters with prison staff, some which are not related to others. Plaintiff will not be permitted to pursue unrelated claims in this action.

## IV.   CONCLUSION AND RECOMMENDATION

Plaintiff fails to state a cognizable § 1983 claim against any Defendants. Plaintiff was previously provided leave to amend to cure the deficiencies identified herein, but was unable to do so. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action be dismissed for failure to state a claim upon which relief may be

        granted under 42 U.S.C. § 1983; and

2.      The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**

**one (21) days** after being served with these Findings and Recommendations, the parties may file

written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*

*Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 27, 2012                   /s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE